IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:06-cv-819-MEF |
| ) | (WO) |
| EDDIE MARTIN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs UMG Recordings, Inc., Artista Records LLC, and BMG Music bring this action against Defendant Eddie Martin ("Martin") for alleged copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. This matter is now pending before the court on Plaintiffs' Motion for Default Judgment (Doc. # 8) filed on February 27, 2007. That motion is due to be GRANTED.

On February 20, 2007, Plaintiffs applied to the Clerk for entry of default against defendant Martin for failure to plead, answer, or otherwise defend, pursuant to Federal Rule of Civil Procedure 55(a). *See* Doc. # 5. The Clerk issued an Entry of Default (Doc. # 6) against Martin on February 21, 2007. On February 27, 2007, Plaintiffs filed a Motion for Default Judgment (Doc. # 8) pursuant to Federal Rule of Civil Procedure 55(b)(2).

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Once this has occurred,

"the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2). The clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

If the Court determines that default judgment can be granted, the Court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). "If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ." Fed. R. Civ. P. 55(b)(2). However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

Section 504(c)(1) of the Copyright Act provides that a "copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work ... in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Plaintiffs here have elected to recover the minimum statutory damages of $750 for each infringement – for a total of $4,500.00 – and, therefore,

no evidentiary hearing is necessary to determine damages.[1]

The Plaintiffs further seek an injunction pursuant to 17 U.S.C. § 502. Section 502(a) authorizes this court to "grant ... final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Given that there is no evidence that Martin will stop infringing on Plaintiffs' copyrighted materials and in light of the fact that the Plaintiffs have established irreparable injury, the Court will issue an injunction prohibiting Martin from directly or indirectly infringing on Plaintiffs' copyright rights.

In accordance with the foregoing, it is hereby ORDERED as follows:

1. The Motion for Default Judgment (Doc. # 8) is GRANTED.

2. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "You Give Love a Bad Name," on album "Slippery When Wet," by artist "Bon Jovi" (SR# 71-794);

- "I Cross My Heart," on album "Pure Country," by artist "George Strait" (SR# 146-421);

- "It's Alright to Be a Redneck," on album "When Somebody Loves You," by artist "Alan Jackson" (SR# 289-367);

- "How Forever Feels," on album "Everywhere We Go," by artist "Kenny Chesney" (SR# 263-302);

- "Valentine," on album "Evolution," by artist "Martina McBride" (SR# 240-

---

[1] Section 505 of the Copyright Act also expressly authorizes a court, in its discretion, to "allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505.

332);

- "Between You and Me," on album "Rule 3:36," by artist "Ja Rule" (SR# 270-080); and

- in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Furthermore, Defendant shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

A separate final judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this the 30th day of April, 2007.

        /s/ Mark E. Fuller
        CHIEF UNITED STATES DISTRICT JUDGE